T.C. Memo. 2003-262

UNITED STATES TAX COURT

MERI R. AND WILLIAM R. KAUFMAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6819-98.                Filed September 9, 2003.

Meri R. Kaufman and William R. Kaufman, pro sese.

<u>Frank W. Louis</u>, for respondent.

MEMORANDUM OPINION

WHERRY, <u>Judge</u>:  This case is before the Court on
respondent's motion for partial summary judgment pursuant to Rule
121.  Respondent determined Federal income tax deficiencies with
respect to petitioners' 1993, 1994, and 1995 taxable calendar
years of $6,546, $11,577, and $18,226, respectively.  Respondent
further determined that petitioner Meri R. Kaufman (Ms. Kaufman)

was liable for section 6663 fraud penalties of $4,909.50 for 1993, $8,682.75 for 1994, and $13,669.50 for 1995. (In the alternative to the fraud penalties, respondent asserted accuracy-related penalties under section 6662.) Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

On January 14, 1998, respondent issued to petitioners a statutory notice determining the above deficiencies and penalties. The deficiencies were based on respondent's determination that petitioners realized unreported income from misappropriated or embezzled funds. On April 13, 1998, petitioners filed a petition with this Court disputing the notice of deficiency. Petitioners at that time resided in Cranston, Rhode Island.

Respondent then answered the petition and further set forth specific allegations of fact in support of the fraud penalties, as follows:

> 6. FURTHER ANSWERING the petition, and in support of the respondent's determination that, in regard to Petitioner Meri R. Kaufman, a part of the underpayments of tax required to be shown on petitioners' joint income tax returns for the taxable years 1993, 1994 and 1995 is due to fraud, the respondent alleges:
>
> a. The Petitioner Meri R. Kaufman signed and filed joint returns with her husband for the 1993, 1994

and 1995 taxable years on January 17, 1995, April 17, 1995 and April 15, 1996, respectively.

b.    During the 1993, 1994 and 1995 taxable years, Meri R. Kaufman misappropriated or embezzled funds from her employer, MIM Corporation in the amounts of $33,330.47, $57,095.06 and $76,574,76, respectively as set forth in * * * [exhibits attached to the answer which list the date, check number, amount, and payee for each MIM Corporation check representing embezzled funds].

c.    The Petitioner Meri R. Kaufman failed to accurately report this additional income when she filed her joint returns for the 1993, 1994 and 1995 taxable years.

d.    The Petitioner Meri R. Kaufman's failure to report gross income in the amounts of $33,330.47, $57,095.06 and $76,574.76 for the 1993, 1994 and 1995 taxable years, respectively, was fraudulent with the intent to evade taxes.

e.    The Petitioner Meri R. Kaufman's understatement of gross income resulted in the understatement of her joint federal income tax liabilities in the amounts of $6,546.00, $11,577.00 and $18,226.00 for the 1993, 1994 and 1995 taxable years, respectively.

f.    The Petitioner Meri R. Kaufman's understatement of her joint federal income tax liabilities in the amounts of $6,546.00, $11,577.00 and $18,226.00 for the 1993, 1994 and 1995 taxable years, respectively, was fraudulent with the intent to evade taxes.

g.    A part of the underpayment of tax required to be shown on Petitioner Meri R. Kaufman's joint federal income tax returns for each of the taxable years 1993, 1994 and 1995 is due to fraud with the intent to evade taxes.

Petitioners failed to file any reply, and on July 30, 1998, respondent filed a motion, pursuant to Rule 37(c), for entry of an order that the undenied allegations in the answer be deemed

admitted. The Court issued a notice of filing of respondent's Rule 37(c) motion, which indicated that the Rule required petitioners to file a reply by August 20, 1998. The notice advised petitioners that filing such a reply would lead to a denial of respondent's motion but that upon failure to so reply "the Court will grant respondent's motion and deem admitted for purposes of this case the affirmative allegations in the answer." When petitioners did not reply, the Court granted respondent's motion on August 27, 1998.

Respondent thereafter sent to the Court a document that Ms. Kaufman mailed to respondent and which appeared to be a photocopy of a reply to answer by Ms. Kaufman. On September 30, 1998, the Court entered an order vacating its grant of respondent's Rule 37(c) motion and extending to October 30, 1998, the time for petitioners to file an originally signed reply. When this order was returned to the Court unclaimed by the U.S. Postal Service, reflecting another address for petitioners, the Court again extended the date for a reply, to December 4, 1998, and directed service of the order to the new address.

On December 18, 1998, having received no reply from petitioners, the Court granted respondent's Rule 37(c) motion and ordered that "the affirmative allegations of fact set forth in subparagraphs (a) through (g) of paragraph 6 of respondent's

Answer are deemed to be admitted for purposes of this case by petitioner Meri R. Kaufman."

In due course, the case was set for trial at sessions commencing January 31, 2000; January 22, 2001; March 4, 2002; January 6, 2003; and September 15, 2003. The case was continued on three occasions by motions from petitioners and on one occasion by motion from respondent. Each motion was premised at least in part on awaiting resolution of a criminal case in Rhode Island against Ms. Kaufman on embezzlement and fraudulent conversion charges. Ms. Kaufman pleaded guilty on February 2, 2000, and was sentenced to 6 months' home confinement, but determination of the amounts of misappropriated funds and of restitution was deferred. In late summer of 2002, the amount of restitution was set; however, apparently no determination was made as to the amount of misappropriated funds.

On August 5, 2003, respondent filed the instant motion for "a partial summary adjudication in respondent's favor in this case upon the issue of the liabilities of Meri R. Kaufman for deficiencies in income tax and fraud penalties for 1993 through 1995." Respondent submits that "Upon the granting of this motion, the following issues remain for trial: the liability of William R. Kaufman for 1993, 1994 and 1995 income taxes based on unreported taxable embezzlement income received in those years." Petitioners were ordered to file any response to respondent's

motion on or before August 20, 2003, but no such response has been received by the Court.

## Discussion

Rule 121(a) allows a party to move "for a summary adjudication in the moving party's favor upon all or any part of the legal issues in controversy."  Rule 121(b) directs that a decision on such a motion shall be rendered "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  The moving party bears the burden of demonstrating that no genuine issue of material fact exists and that he or she is entitled to judgment as a matter of law.  Marshall v. Commissioner, 85 T.C. 267, 271 (1985).  Facts are viewed in the light most favorable to the nonmoving party.  Id.  However, where a motion for summary judgment has been properly made and supported by the moving party, the opposing party may not rest upon mere allegations or denials contained in that party's pleadings but must by affidavits or otherwise set forth specific facts showing that there is a genuine issue for trial.  Rule 121(d).

## I.  Income Tax Deficiencies

The Internal Revenue Code imposes a Federal tax on the taxable income of every individual.  Sec. 1.  Section 61(a)

defines gross income for purposes of calculating taxable income as "all income from whatever source derived". This broad definition includes income obtained from illegal sources. James v. United States, 366 U.S. 213, 218 (1961); sec. 1.61-14(a), Income Tax Regs. Respondent has determined that Ms. Kaufman received unreported income through embezzlement of funds from her employer.

As a general rule, the taxpayer bears the burden of proving error in the Commissioner's determinations. Rule 142(a). Although section 7491 may shift the burden to the Commissioner in certain circumstances, the section is applicable only to court proceedings that arise in connection with examinations commencing after July 22, 1998. Internal Revenue Service Restructuring & Reform Act of 1998, Pub. L. 105-206, sec. 3001(c)(2), 112 Stat. 727. It is apparent from the record in this case that the examination commenced prior to July 22, 1998, and, therefore, section 7491 has no application.

Courts have recognized a limited exception to the general rule where the notice of deficiency determines that the taxpayer failed to report income, particularly income derived from illegal activities. Llorente v. Commissioner, 649 F.2d 152, 156 (2d Cir. 1981), affg. in part and revg. in part 74 T.C. 260 (1980); Weimerskirch v. Commissioner, 596 F.2d 358, 360-362 (9th Cir. 1979), revg. 67 T.C. 672 (1977); Petzoldt v. Commissioner, 92

T.C. 661, 687-688 (1989). In such circumstances, respondent must come forward with evidence establishing a minimal foundation, which may consist of evidence linking the taxpayer with an income-producing activity. Weimerskirch v. Commissioner, supra at 360-361; Petzoldt v. Commissioner, supra at 689.

Here, all of the facts upon which respondent relies to link Ms. Kaufman with criminal activity and to demonstrate the amount of misappropriated funds have been deemed admitted by operation of Rule 37(c). It is well established that "Facts deemed admitted pursuant to Rule 37(c) are considered conclusively established and may be relied upon by the government even in relation to issues where the government bears the burden of proof." Baptiste v. Commissioner, 29 F.3d 1533, 1537 (11th Cir. 1994), affg. T.C. Memo. 1992-198. Based on the deemed admissions in this case, we conclude that there exists no issue of material fact as to Ms. Kaufman's receipt of unreported income and her liabilities for the income tax deficiencies thereon for 1993 through 1995. Accordingly, we sustain as a matter of law respondent's determination with respect to the income tax deficiencies in the statutory notice.

II. Fraud Penalties

Section 6663(a) provides for the imposition of a penalty in "an amount equal to 75 percent of the portion of the underpayment which is attributable to fraud." In addition, section 6663(b)

specifies that, if any portion of the underpayment is attributable to fraud, the entire underpayment is treated as attributable thereto, except and to the extent that the taxpayer establishes some part is not due to fraud.

Respondent bears the burden of proving the applicability of the civil fraud penalty by clear and convincing evidence. Sec. 7454(a); Rule 142(b). To sustain this burden, respondent must establish by this level of proof both (1) that there was an underpayment of tax for the taxable year in issue and (2) that at least some portion of such underpayment was due to fraud. DiLeo v. Commissioner, 96 T.C. 858, 873 (1991), affd. 959 F.2d 16 (2d Cir. 1992); Petzoldt v. Commissioner, supra at 699. Again, it is clear that deemed admissions are sufficient to satisfy respondent's burden of proving fraud. Marshall v. Commissioner, supra at 272-273; Doncaster v. Commissioner, 77 T.C. 334, 337-338 (1981).

Here, Ms. Kaufman is deemed to have admitted that she fraudulently and with intent to evade taxes omitted from her returns $33,330.47, $57,095.06, and $76,574.76 of taxable income for 1993, 1994, and 1995, respectively. She further is deemed to have admitted that the foregoing omissions of income resulted in understatements of Federal income tax liabilities of $6,546, $11,577, and $18,226 for the respective 1993 through 1995 years, and that such understatements were fraudulent with intent to

evade taxes.  We therefore conclude that respondent has satisfied the burden of proving, by clear and convincing evidence, that the entire underpayment of tax for each of the years in issue was due to fraud on her part.  We sustain respondent's determination that Ms. Kaufman is liable for penalties under section 6663 for 1993, 1994, and 1995.

To reflect the foregoing,

An appropriate order granting respondent's motion for partial summary judgment as to petitioner Meri R. Kaufman will be issued.